IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00925-BNB

COREY P. ROBINSON,

    Plaintiff,

v.

CO DEPT. OF HUMAN SVCS,
EL PASO COUNTY DEPT HUMAN SVCS,
KAREN LOGAN, MSW,
JULIE WILSON, LMFT, and
SAVIO HOUSE (Co Springs),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Corey P. Robinson, resides in Colorado Springs, Colorado. Mr. Robinson has filed *pro se* a Complaint (ECF No. 1) asserting claims pursuant to the Americans with Disabilities Act ("ADA"), Health Insurance Portability and Accountability Act ("HIPPA"), and 42 U.S.C. § 1983. He seeks monetary damages.

    The Court must construe the Complaint liberally because Mr. Robinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Robinson will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    First, Mr. Robinson seeks solely monetary relief against Defendants. Pursuant to

the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities.  *Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir. 1995).   It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989), and that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state."  *Hunt v. Bennett,* 17 F.3d 1263, 1267 (10th Cir.1994).  Thus, Mr. Robinson cannot sue Defendant Colorado Department of Human Services and Defendants Logan and Wilson in their official capacities.

"As a general rule, Eleventh Amendment immunity does not extend to counties, municipal corporations and other local government units."  *Behunin v. Jefferson County Dep't of Social Services,* 744 F.Supp. 255, 259 (D. Colo. 1990) (citing *Moor v. County of Alameda,* 411 U.S. 693, 717–21 (1973)).  However, Colorado county human services departments or any of their employees are considered arms of the state for purposes of the Eleventh Amendment.  *See Pierce v. Delta County Dep't of Social Servs.,* 119 F.Supp.2d 1139, 1148 (D. Colo. 2000).  Therefore, Mr. Robinson's claims against Defendant El Paso County Department of Human Services also is barred by the Eleventh Amendment.

Similarly, "[i]ndividual defendants in their individual capacities are not properly subject to suit under the Rehabilitation Act or the [ADA]."  *Montez v. Romer,* 32 F.Supp.2d 1235, 1239 (D. Colo. 1999); *see also Nasious v. Colorado,* 2011 WL 2601015, at *12, Civil Action No. 09-cv-01051-REB-KMT (D. Colo. June 29, 2011)

("Title II of the ADA does not provide for suit against an official of a public entity in their individual capacity."). Therefore, Mr. Robinson cannot assert an ADA claim against Defendants Logan and Wilson in their individual capacities.

Second, Mr. Robinson may not assert a claim for violations of HIPPA because that statute does not create a private right of action. *See Schneider v. Cooper,* 2010 WL 537760, at *6, Civil Action No. 08-cv-01856-REB-KMT (D. Colo. Feb. 16, 2010) (noting that all courts to consider the matter have held that HIPPA itself does not create a private right of action and collecting cases supporting this proposition).

Third, the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings

violate Rule 8.

Although Mr. Robinson appears to assert a claim under the ADA, Mr. Robinson fails to provide a short and plain statement of his claim showing that he is entitled to relief.  In the Complaint, Mr. Robinson alleges that Defendants retaliated against him because he was a witness in civil rights lawsuits against Defendants and the United States Department of Health and Human Services.  Mr. Robinson asserts that Defendant Logan retaliated against him by (1) sending emails improperly revealing Mr. Robinson's HIV/AIDS status; and (2) obtaining a court order that prevented Mr. Robinson from performing his job as a home health and personal assistant for a disabled patient.  Mr. Robinson further alleges that Defendant Wilson retaliated against him by submitting a false verbal report to Defendant El Paso County Department of Human Services that resulted in Mr. Robinson becoming homeless.  Mr. Robinson, however, fails to articulate what claim he is attempting to assert pursuant to the ADA.

The ADA forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III.  *Tennessee v. Lane,* 541 U.S. 509, 516-17 (2004).  Mr. Robinson does not allege who his employer was and does not allege any fact to suggest an employment relationship between himself and any of the named Defendants.  Nor does he allege any facts suggesting that he was denied the benefits of public services, programs, or activities.  In the amended complaint, Mr. Robinson must identify the statutory provision under which he brings his claims and must clarify the type of ADA claims he seeks to pursue.

Finally, to the extent Mr. Robinson is asserting a separate claim under 42 U.S.C. § 1983, that provision "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Mr. Robinson alleges a violation of the Eighth Amendment but does not explain the basis for this claim. In his amended complaint, Mr. Robinson must articulate the clearly established constitutional right and the defendant's conduct which violated the right. Accordingly, it is

ORDERED that Mr. Robinson file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Robinson shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Robinson fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 10, 2014, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge