IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00925-BNB

COREY P. ROBINSON,

    Plaintiff,

v.

CO DEPT. OF HUMAN SVCS,
EL PASO COUNTY DEPT HUMAN SVCS,
KAREN LOGAN, MSW,
JULIE WILSON, LMFT, and
SAVIO HOUSE (CO SPRINGS),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Corey P. Robinson, resides in Colorado Springs, Colorado. He submitted *pro se* a Complaint (ECF No. 1) seeking money damages and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On April 10, 2014, United States Magistrate Judge Boyd N. Boland entered an order directing Mr. Robinson to file an amended Complaint within thirty days. In the April 10 order, Mr. Robinson was informed that the Court lacked subject matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities. *See Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir. 1995); *Hunt v. Bennett,* 17 F.3d 1263, 1267 (10th Cir.1994). Thus, Mr. Robinson was advised that he could not sue Defendant Colorado Department of Human Services and Defendants Logan and Wilson in their official capacities. Judge

Boland also explained to Mr. Robinson that his claims against Defendant El Paso County Department of Human Services also were barred by the Eleventh Amendment because Colorado county human services departments are considered arms of the state.  *See Pierce v. Delta County Dep't of Social Servs.,* 119 F.Supp.2d 1139, 1148 (D. Colo. 2000).  Judge Boland also informed Mr. Robinson that he cannot sue Defendants Logan and Wilson in their individual capacities under the Rehabilitation Act or the ADA.  *See Montez v. Romer,* 32 F.Supp.2d 1235, 1239 (D. Colo. 1999).  Additionally, Judge Boland instructed Mr. Robinson that he may not assert a claim for violations of HIPPA because the statute does not create a private cause of action.  *See Schneider v. Cooper,* 2010 WL 537760, at *6, Civil Action No. 08-cv-01856-REB-KMT (D. Colo. Feb. 16, 2010).  Finally, Judge Boland found that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because Mr. Robinson failed to provide a short and plain statement of his claims showing that he is entitled to relief.  (*See* ECF No. 5 at 4-5).

   Judge Boland afforded Mr. Robinson the opportunity to cure the deficiencies in his Complaint by submitting an amended Complaint within thirty days that sued proper parties and asserted claims clearly and concisely in compliance with Rule 8.  Mr. Robinson was warned that if he failed to file an amended complaint that complied with the April 10 order within the time allowed, the action would be dismissed without further notice.  Mr. Robinson has failed to comply with the April 10 order within the time allowed or otherwise communicate with the Court in any way.  Therefore, the Complaint and the action will be dismissed.

   Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Robinson files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Corey P. Robinson, within the time allowed to file an amended Complaint as directed in the order of April 10, 2014 (ECF No. 5), and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of     May       , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court